UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| WERNER HARRER, | ) | |
| | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | Civil Action No.1:10-cv-07922 |
| v. | ) | |
| | ) | |
| | ) | Judge Robert M. Dow Jr. |
| RJM ACQUISITIONS LLC, | ) | |
| | ) | |
| | ) | |
| DEFENDANT, | ) | <u>Jury Demanded</u> |

**<u>PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS</u>**

**<u>STANDARD OF REVIEW</u>**

When considering a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a court must view all of the facts alleged in the complaint, as well as any inferences reasonably drawn from them, in the light most favorable to the plaintiff. *Caldwell v. City of Elwood, Ind*., 959 F.2d 670, 671 (7th Cir. 1992) (citing *Mosley v. Klincar*, 947 F.2d 1338, 1339 (7th Cir. 1991)). A court should only dismiss a claim if it appears beyond a doubt that the plaintiff cannot establish any set of facts which would entitle it to the relief requested. *Conley v. Gibson*, 355 U.S. 41, 45-46, 2 L. Ed. 2d 80, 78 S. Ct. 99 (1957).

**<u>INTRODUCTION</u>**

This action was commenced with the filing of Plaintiff's Complaint on December 13, 2010. Thereafter, Plaintiff served a subpoena upon the originator of the alleged debt—Doubleday Book Club—requesting all documents and data that Doubleday

submitted to Defendant pursuant to the sale of the alleged debt. In response to his subpoena, Plaintiff received a computer printout from Doubleday showing that the none of the relevant identifying information for the debtor matched that of the Plaintiff, as Plaintiff's name, address, previous addresses, birthdate, and social security number were all different from that of the Plaintiff. Plaintiff thereafter filed his Amended Complaint alleging that Defendant intentionally attempted to collect the alleged debt from Plaintiff, despite being aware that he was not the debtor. Defendant thereafter filed its Motion to Dismiss Plaintiff's Complaint pursuant to Fed.R.Civ.P.12(b)(6).

## ARGUMENT

I. **THE FACTS ALLEGED AND INFERENCES DRAWN *COULD* POTENTIALLY ESTABLISH THAT DEFENDANT INTENTIONALLY ATTEMPTED TO COLLECT A DEBT FROM PLAINTIFF THAT IT KNEW WAS NOT SUPPORTED BY ANY AGREEMENT CREATING THE DEBT NOR ALLOWED BY ILLINOIS LAW, AND THUS DEFENDANT'S MOTION MUST BE DENIED**

Defendant argues that "Plaintiff fails to provide "further factual enhancement" to support his conclusory statements that Defendant intentionally attempted to collect a debt from him that was not his. Motion ¶ 5. However, in so stating, Defendant completely ignores that Plaintiff has alleged extensive facts in support of his claim, as follows:

> 13. On or around September 10, 2010, Plaintiff received a collection letter from Defendant addressed to "Wener Harrer", stating that it had purchased a Doubleday Book Club Account allegedly owed by the Plaintiff, in the amount of $91.09. (Exhibit A, Letter from Defendant dated September 3, 2010).
> 14. Said September 3, 2010 letter stated in part, that "A Previous address" of the Plaintiff was 414 Oneida St., Apt 1, Joliet, IL 60435-7477.
> 15. Plaintiff has never lived at 414 Oneida St., Apt 1, Joliet, IL 60435-7477.

16. **Plaintiff has never had a Doubleday Book Club Account.**
17. **Plaintiff Werner Harrer has a different name than the individual that owes the alleged debt, identified in Defendant's September 3, 2010 letter as "Wener Harrer".**
18. **None of Plaintiff's credit reports have the address of the purported debtor—414 Oneida St., Apt. 1 in Joliet, Illinois—as a previous address of the Plaintiff's.**
19. **A "People Search Report" requested from Intelius that was created at roughly the same time that Defendant sent Plaintiff the letter attached hereto as Exhibit A, does not give 414 Oneida St., Apt. 1 in Joliet, Illinois, as a   previous address for any of the five "Werner Harrer's" listed in said report.  (Exhibit B, Intelius Report dated October 27, 2010).**

**Am.Comp. ¶ 13-19**

Based on these facts, Plaintiff alleged the following inference:

20. **At the time Defendant sent the letter attached hereto as Exhibit A, Defendant knew that Plaintiff was not the individual that owed the alleged debt, but nonetheless it intentionally attempted to collect the alleged debt from the Plaintiff by sending him said letter**.

**Am.Comp. ¶ 20**

At this stage of the proceedings, the court must accept as true all well-pleaded facts contained in the complaint, and it must construe all reasonable inferences in favor of the Plaintiff. The facts alleged in paragraphs 13-19, being well-pleaded, must be accepted as true, and the reasonable inference alleged in paragraph 20 must be construed in favor of the Plaintiff. *Caldwell*, 959 F.2d at 670. Accordingly, the court must accept as true that Defendant had no factual basis to support its decision to collect the alleged debt from the Plaintiff. Similarly, the court must accept, at this juncture, Plaintiff's reasonable inference that Defendant intentionally attempted to collect the alleged debt from the Plaintiff despite knowing that he did not owe the same.

Based on the facts alleged, it is entirely feasible that Plaintiff will be able to show that Defendant knew that it was collecting from the wrong debtor, and thus that Defendant's intentional attempts to collect the alleged debt from Plaintiff—who it knew did not owe the debt—violate sections § 1692d and § 1692e of the Fair Debt Collection Practices Act ("FDCPA"). It would thus be wholly premature to grant Defendant's Motion on the basis that it made a "mistake" in attempting to collect the debt from the Plaintiff, and Defendant's Motion should be denied on this basis.

II. *JANG* IS INAPPOSITE, AS PLAINTIFF DOES NOT ALLEGE THAT DEFENDANT'S VIOLATION OF § 1692g IS THE BASIS FOR THE § 1692e AND § 1692f VIOLATIONS HE COMPLAINS OF

Defendant cites to the Seventh Circuit's holding in *Jang v. A.M. Miller and Associates*, 1996 WL 435096 (N.D.Ill. July 31, 1996), a case in which Defendant states "plaintiffs alleged that defendants violated § 1692e and § 1692f of the FDCPA because defendants failed to provide plaintiffs with a response to plaintiff's request for verification of the debt." *Jang*, 122 F.3d at 482. As correctly stated by Defendant, "plaintiffs alleged that defendants violated 1692e because they never intended to mail any verification to the plaintiffs because defendants had an agreement with the creditor to close the account if the debtor requested a verification." *Id*. In affirming the District Court's ruling, the Seventh Circuit found that a debt collector has two options when it receives a validation request. *Id*. at 483. Debt collectors may provide the requested validations and continue their debt collection activities, or they may cease all collection activities. *Id*. The Court held that since it is undisputed that defendants complied with § 1692g, plaintiffs can not state a claim under either 1692e or 1692f of the FDCPA.

Defendant misses the point. First, unlike in *Jang*, Plaintiff does not allege that Defendant violated § 1692e and § 1692f of the FDCPA due to its failure to comply with § 1692g. In fact, Plaintiff nowhere even references § 1692g in its Amended Complaint. Rather, Plaintiff has alleged that Defendant **knew** that it was collecting from the wrong debtor at the time it made the decision to collect from the Plaintiff.

Unlike in *Jang* where the defendants were found not liable for invoking one of two available and legal options in response to having received a timely request for verification, Defendant here at no time had, as an available option, the right to proceed to collect a debt from an individual that it knew *ab initio* did not owe the debt. If Plaintiff's allegations are proven, he would have established violations of § 1692e and § 1692f, and thus facts entitling him to relief under the FDCPA. Accordingly, Defendant's Motion should be denied.

Finally, Defendant's Motion should be denied because it impermissibly seeks to argue dismissal on the basis of facts that are not found within the allegations of Plaintiff's Amended Complaint, such as whether Plaintiff sent a validation request, and whether Defendant ceased collection thereafter. Notably, Plaintiff does not cite to or refer to § 1692g in its Amended Complaint, yet Defendant attempts to argue that its compliance with this provision should result in dismissal of Plaintiff's Amended Complaint. Defendant's arguments for dismissal in this regard are without merit, and Defendant's Motion should be denied on this basis as well.

**III. DISMISSAL OF PLAINTIFF'S COMPLAINT ON THE BASIS URGED BY DEFENDANT WOULD ALLOW DEBT COLLECTOR TO INTENTIONALLY ATTEMPT TO COLLECT A DEBT FROM INDIVIDUALS THAT IT KNOWS DOES NOT OWE THE DEBT, WITHOUT INCURRING LIABILITY**

Defendant urges the Court to dismiss the action without allowing examination of the process by which Defendant decided to collect the alleged debt from the Plaintiff. If in fact Defendant does have a practice of attempting collection of debts from individuals that it knows do not owe a debt, dismissal of the action will ensure that such a practice will not be revealed, and Defendant may then continue to intentionally collect debts from individuals that do not owe the same, relying on the knowledge that the nuisance value inherent in its collection letters may wrench compliance with its demands for payment—even from non-debtors. Defendant should not be given a pass to "fish" for debt-payment among a pool of consumers that do not owe the debt it is attempting to collect, and Defendant's Motion should be denied for this reason as well.

WHEREFORE, Plaintiff, WERNER HARRER, requests that this Honorable Court deny Defendant's Motion to Dismiss his Amended Complaint.

**By:** /s/ M. Kris Kasalo
M. Kris Kasalo

**The Law Office of M. Kris Kasalo, Ltd.**
**"A Consumer Protection Law Firm"**
111 East Wacker Drive, Suite 555
Chicago, Illinois 60601
tele 773.847.2600
fax 773.847.0330
mario.kasalo@kasalolaw.com