IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| WERNER HARRER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 10-cv-7922 |
| v. | ) | |
| | ) | |
| RJM ACQUISITIONS, LLC, | ) | Judge Robert M. Dow, Jr. |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant RJM Acquisitions, LLC's motion to dismiss [19] Plaintiff Werner Harrer's amended complaint. For the reasons set forth below, the Court grants Defendant's motion [19].

**I.   Background[1]**

On a date unknown to Plaintiff, an individual named Wener Harrer, who lives at 414 Oneida St. in Joliet, Illinois, incurred a $91.09 debt to Doubleday Book Club. At some point, Doubleday assigned or sold Wener Harrer's debt to Defendant RJM Acquisitions, LLC, and forwarded to Defendant information about Wener Harrer – including his name, address, telephone number, and birth date – so that Defendant could collect the debt.

Instead of sending a collection letter to Wener Harrer, Defendant, acting as a "debt collector" as defined in 15 U.S.C. § 1692a(6), sent a collection letter to Plaintiff Werner Harrer. Defendant did so despite the fact that Plaintiff's first name is spelled "Werner," not "Wener," Plaintiff has never lived at 414 Oneida St. in Joliet IL, and Plaintiff has never had a Doubleday

---

[1] For purposes of Defendant's motion to dismiss, the Court assumes as true all well-pleaded allegations set forth in Plaintiff's amended complaint. See, *e.g., Killingsworth v. HSBC Bank Nevada, N.A.*, 507 F.3d 614, 618 (7th Cir. 2007).

Book Club account. Further, Plaintiff's current and former telephone number and his birth date do not match the information that Doubleday provided to Defendant about the debtor.

The collection letter that Plaintiff received was addressed to "Wener Harrer," and stated that Defendant had purchased "Wener Harrer's" Doubleday Book Club account. The letter sought payment on an outstanding account balance of $91.09, and it indicated that one of "Wener Harrer's" previous addresses was "414 Oneida St. Apt.1, Joliet IL, 60435-7477." Among other things, the collection letter stated clearly that it was "an attempt to collect a debt," and that it was "from a debt collector." (Am. Compl., Ex. A.) The letter also included the following statement, written in bold and located under the heading "Important Information":

> Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request of this office in writing within 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different from the current creditor.

(Amend. Compl., Ex. A.)

Plaintiff alleges that at the time Defendant sent Plaintiff the collection letter, Defendant knew that Plaintiff was not the person who owed the Doubleday debt. Despite that fact, Defendant intentionally attempted to collect the debt from Plaintiff. Defendant never attempted to collect the debt from the actual debtor by sending a collection letter to the address for Wener Herrer that Doubleday had provided to Defendant.

Believing that Defendant's actions violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), Plaintiff filed an amended complaint seeking statutory damages, costs, and reasonable attorneys fees [16]. Plaintiff alleges that by attempting to collect

2

from him a debt that he did not owe, Defendant violated §§ 1692d, 1692e, and 1692f of the FDCPA. Specifically, Plaintiff contends that: (1) Defendant engaged in conduct, the natural consequence of which is to oppress, harass, and abuse the Plaintiff, in violation of § 1692d; (2) Defendant falsely represented that he owed a debt that he did not owe, in violation of §§ 1692e, 1692e(2)(A), and 1692e(10); and (3) Defendant unfairly sent Plaintiff a letter seeking to collect a debt that Defendant knew he did not owe, in violation of §§ 1692f and 1692f(1). Plaintiff's allegations are based solely on the collection letter that he received from Defendant on September 10, 2010.

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant moves to dismiss Plaintiff's amended complaint, and requests that sanctions be awarded in its favor. In support of its motion, Defendant argues that Plaintiff's claims under §§ 1692e and 1692f fail for two reasons. First, Defendant contends that Plaintiff's claims are barred by the Seventh Circuit's decision in *Jang v. A.M. Miller and Associates*, 122 F.3d 480 (7th Cir. 1997). Defendant also argues that Plaintiff's attempt to plead around *Jang* by including allegations of intent was not successful because Plaintiff's allegations of intent are "conclusory" and lack "'further factual enhancement.'" (Def. Mot. at 2.) Finally, as to Plaintiff's claim under § 1692d, Defendant argues that the receipt of one collection letter does not have as its natural consequence oppression, harassment, or abuse.

## II. Legal Standard

A motion to dismiss pursuant to Rule 12(b)(6) tests the sufficiency of the complaint, not the merits of the case. See *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). To survive a Rule 12(b)(6) motion to dismiss, the complaint first must comply with Rule 8(a) by providing "a short and plain statement of the claim showing that the pleader is entitled to relief,"

3

Fed. R. Civ. P. 8(a)(2), such that the defendant is given "fair notice of what the * * * claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Second, the factual allegations in the complaint must be sufficient to raise the possibility of relief above the "speculative level," assuming that all of the allegations in the complaint are true. *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Twombly*, 550 U.S. at 563. The Court accepts as true all of the well-pleaded facts alleged by the plaintiff and all reasonable inferences that can be drawn therefrom. See *Barnes v. Briley*, 420 F.3d 673, 677 (7th Cir. 2005).

### III. Analysis

The FDCPA prohibits "debt collectors" from engaging in abusive, deceptive, or unfair debt-collection practices. 15 U.S.C. § 1692 *et seq*. Plaintiff alleges that by sending him a single collection letter seeking to collect on a debt that he did not owe, Defendant has violated §§ 1692e, 1692f, and 1692d of the FDCPA. In response, Defendant argues that each of Plaintiff's claims should be dismissed because they fail to state a claim upon which relief may be granted. The Court agrees that Planitiff's claims under the FDCPA must be dismissed, although not necessarily for the reasons espoused by Defendant in its motion.

#### A. Section 1692e

The Court begins by addressing Plaintiff's claims under § 1692e. Plaintiff alleges that Defendant violated §§ 1692e, 1692e(2)(A), and 1692e(10) when it falsely represented in the collection letter that Plaintiff owed a debt that he did not owe. Section 1692e of the FDCPA prohibits a debt collector from "us[ing] any false, deceptive, or misleading representation or

4

means in connection with the collection of any debt, including falsely representing "the character, amount, or legal status of any debt," 15 U.S.C. § 1692e(2)(A), or using any "false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." *Id.* § 1692e(10).

In determining whether a collection letter violates § 1692e of the FDCPA, the Court views the letter through the eyes of the "unsophisticated consumer." *Wahl v. Midland Credit Mgmt., Inc.*, 556 F.3d 643, 645 (7th Cir. 2009). The unsophisticated consumer "is uninformed, naïve, and trusting, but is also assumed to possess rudimentary knowledge about the financial world and is capable of making basic logical deductions and inferences." *Ruth v. Triumph P'ship*, 577 F.3d 790, 801 n.5 (7th Cir. 2009) (quotations and alterations omitted). The "upshot" of this in the context of a claim under § 1692e is that a statement that "is false in some technical sense" does not violate the FDCPA unless it "would mislead the unsophisticated consumer." *Wahl*, 556 F.3d at 646. Further, "[a] statement cannot mislead unless it is material, so a false but non-material statement is not actionable." *Hahn v. Triumph P'ships LLC*, 557 F.3d 755, 758 (7th Cir. 2009).

There is no doubt that the collection letter that Plaintiff received contained information that was false and that the false information was material. See *Turner v. J.V.D.B. & Assocs., Inc.*, 330 F.3d 991, 995 (7th Cir. 2003) (stating that "by asserting [the plaintiff] owed a debt that no longer existed, on its face the letter was false"). The letter attempted to collect a debt from a non-debtor, an action that some courts have concluded is sufficient to state a claim under §§ 1692e(2)(A) and 1692e(10). See, *e.g.*, *Bodur v. Palisades Collection, LLC*, No. 11 Civ. 3475 (AJP), 2011 WL 6306725, at *5 & n.18 (S.D.N.Y. Dec. 15, 2011) (citations omitted) (collecting cases in which "[d]istrict courts have found that 'an attempt to collect a debt from a non-debtor'"

5

violates §§ 1692e(a)(2) and 1692(10)).[2] Thus, the Court must determine whether the unsophisticated consumer would be confused or misled by the letter that Plaintiff received. More specifically, the Court must determine whether an unsophisticated consumer like Plaintiff, whose name was "Werner Harrer," not "Wener Harrer," who has never had a Doubleday Book Club account, and who has never lived at the address identified as the debtor's address in the collection letter, would believe that he owed the $91.09 debt to Doubleday.

Although the question is a close one, the Court concludes that "the reasonable consumer, unsophisticated though [he] may be," would not be confused by the technically false information in the collection letter that Plaintiff received. The unsophisticated consumer knows his account history, see *Wahl*, 556 F.3d at 646, and knows the addresses at which he has lived in the past. This case is different from one in which a plaintiff receives a single collection letter stating that the plaintiff himself owes a debt that has been discharged in bankruptcy. See, *e.g.*, *Turner*, 330 F.3d at 995 (holding that the reasonable unsophisticated consumer could be misled by the receipt of one collection letter that stated that the consumer himself owed a debt that had been discharged in bankruptcy). Plaintiff never owed the Doubleday debt in the past, nor has he ever had a Doubleday Book Club account. Plaintiff himself has not alleged that he was confused or misled when he received the collection letter and the Court concludes that the reasonable unsophisticated consumer would not be confused either. See *Evory v. RJM Acquisitions Funding L.L.C.*, 505 F.3d 769, 774 (7th Cir. 2007) (stating that a plaintiff cannot prevail on a claim under the FDCPA just by contending that *he* was confused; rather "[h]e must show that he is representative of the protected group").

---

[2] Some of the cases cited by the court in *Bodur* appear to take the intent of the debt collector into account in determining whether the plaintiff has stated a claim under § 1692e. As discussed more fully below, in this circuit, "the debt collector's subjective intent or belief is not dispositive of [the Court's] inquiry under § 1692e." *Turner*, 330 F.3d at 995.

6

This is particularly true because the letter that Plaintiff received fully complied with the terms of § 1692g(a) by, among other things, providing a statement that: (1) Plaintiff could, within thirty days after receipt of the letter, dispute the validity of the debt; and (2) if Plaintiff disputed the debt in writing within that time period, the debt collector would obtain verification of the debt and mail it to the consumer. While that fact is not dispositive on a claim under § 1692e, it is relevant here. Based on the statements in the collection letter, even if Plaintiff initially was confused by the request for money addressed to someone with a very similar name, the unsophisticated consumer would be reassured that the letter may have been sent to him in error and would know to contact the debt collector to request verification of the debt.[3]

For the reasons set forth above, the Court grants Defendant's motion as to Plaintiff's claims under §§ 1692e, 1692e(2)(A), and 1692e(10). Those claims are dismissed.

B.  **Section 1692f**

The Court moves next to the allegations that Plaintiff makes under § 1692f. In his amended complaint, Plaintiff contends that Defendants violated §§ 1692f and 1692f(1) by unfairly sending him a letter attempting to collect a debt that Defendant knew Plaintiff did not

---

[3] Although the letter's compliance with § 1692g(a) is relevant to the Court's conclusion, the Court cannot accept at this stage of the case that the Seventh Circuit's decision in *Jang v. A.M. Miller and Associates*, 122 F.3d 480 (7th Cir. 1997) necessarily forecloses all liability here. First, the facts in *Jang* differ significantly from the facts alleged in this case. In *Jang*, the plaintiffs admitted that the collection letters that they received complied, on their face, with the FDCPA. That is not the case here. Second, Defendant's reliance on *Jang* at this point is premature. The Defendant argues that it cannot be liable under the FDCPA because not only did it include the required statements in the collection letter, but, once it received a verification request from Plaintiff, it ceased all collection activity on his account. However, the Court cannot rely on facts outside the pleadings at this stage and Plaintiff's amended complaint contains no allegations of what happened after he received the collection letter. See Fed. R. Civ. P. 12(d) (stating that if "matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56"). Thus, even if the Court were inclined to agree with Defendant's reading of *Jang*, it could not determine whether *Jang* is dispositive on the facts properly before it.

owe and because the debt was not authorized by any agreement or permitted by law. Section 1692f forbids a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt," including collecting a debt that is not "expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. § 1692f(1). Again, the Court views the collection letter through the eyes of the unsophisticated consumer. *Turner*, 330 F.3d at 997.

Defendant's argument under *Jang* does succeed here. See *Jang*, 122 F.3d at 484 (holding in part that "a debt collector who strictly complies with the provisions of the FDCPA cannot be said to have used unfair or unconscionable means to collect a debt under section 1692f"). Regardless of whether a collection letter falsely implies that a consumer owes a debt that he does not actually owe, if the letter simply provides to the consumer the information required under § 1692g(a) – the amount of the debt, the name of the creditor, and the required statements regarding a verification request – it is not "unfair" for purposes of § 1692f. *Turner*, 330 F.3d at 998 (holding that "a letter simply providing the information required by § 1692g(a) is not an unfair or unconscionable means of debt collection under § 1692f, even when the debt collector may have violated some other provision of the FDCPA"). No reasonable unsophisticated consumer who received a letter like the letter Plaintiff received would conclude that the letter is an "unfair or unconscionable" means of debt collection.

Further, Plaintiff's amended complaint contains no allegations that Defendant is attempting to collect from him an amount different from the amount actually owed by the real debtor to Doubleday. See, *e.g.*, *Beattie v. D.M. Collections, Inc.*, 754 F. Supp. 383, 392 (D. Del. 1991) (granting the defendant's motion for summary judgment on the plaintiff's claim under § 1692f(1) because the defendant's "attempts to collect from the wrong individuals are better characterized

8

as going to the character or status of the debt rather than the amount owing"). For those reasons, the Court grants Defendant's motion as to §§ 1692f and 1692f(1) and dismisses those claims.

### C. Plaintiff's Allegations of Intent

While not necessary to its decision here, the Court briefly addresses Defendant's argument as to Plaintiff's allegations of intent. Defendant contends in its motion that Plaintiff's allegations of intent are "conclusory" and lack "'further factual enhancement,'" and thus do not meet the pleading standard set forth in *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009). The Court does not agree. Resolving all inferences in favor of Plaintiff, as it must at this stage, the Court concludes that Plaintiff has alleged sufficient facts to support his allegation that Defendant attempted to collect the Doubleday debt from Plaintiff despite the fact that it knew that Plaintiff did not owe the debt. Plaintiff alleges that Defendant received from Doubleday information about the true debtor that would help Defendant collect the debt. Despite that fact, Plaintiff contends, Defendant sent the collection letter to him even though his name, address, telephone number, and birth date do not match the information about the debtor that Defendant received from Doubleday. That is enough to support Plaintiff's allegations of intent.

In the end, however, whether Plaintiff has successfully alleged intent on the part of Defendant is immaterial to whether Plaintiff has stated a claim under §§ 1692e and 1692f. The Seventh Circuit has held that the debt collector's knowledge is not a condition for violating §§ 1692e and 1692f; rather, "the existence of a violation hinges on objective factors that relate to a consumer who receives the demand for payment." *Turner*, 330 F.3d at 996 (discussing § 1692f); *Gearing v. Check Brokerage Corp.*, 233 F.3d 469, 472 (7th Cir. 2000) (Section "1692e applies

9

even when a false representation was unintentional.").[4] "In short, intent plays no role in determining whether a particular letter violates the FDCPA." *Sims v. GC Servs. L.P.*, 445 F.3d 959, 964 (7th Cir. 2006); see also *Turner*, 330 F.3d at 995 ("Although the existence of the debt collector's knowledge may be relevant insofar as it sheds light on the actual effect that a communication is likely to have on the unsophisticated consumer, the debt collector's subjective intent or belief is not dispositive of our inquiry under § 1692e.").

### D. Section 1692d

Finally, the Court addresses Plaintiff's allegations under § 1692d of the FDCPA. Section 1692d prohibits a debt collector from "engag[ing] in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." To state a claim under § 1692d, Plaintiff must allege that Defendant's "behavior was 'in connection with the collection of a debt,' and that 'the natural consequence' of that behavior is to abuse, harass, or oppress." *Feltman v. Blatt, Hasenmiller, Leibsker & Moore, LLC*, No. 06 C 2379, 2008 WL 5211024, at *5 (N.D. Ill. Dec. 11, 2008) (quoting *Horkey v. J.V.D.B. & Assocs., Inc.*, 333 F.3d 769, 774 (7th Cir. 2003). Again, whether Defendant intended to harass, oppress, or abuse Plaintiff is irrelevant. See *Horkey*, 333 F.3d at 774.

While Defendant's behavior – mailing one collection letter to the incorrect debtor – was in connection with the collection of a debt, the facts alleged here do not plausibly suggest that the natural consequence of Defendant's conduct was to abuse, harass, or oppress. The collection letter that Plaintiff received did not include abusive or harassing language; it merely stated that

---

[4] In lieu of a scienter requirement, the FDCPA allows a debt collector to avoid liability for a violation if it "shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error." 15 U.S.C. § 1692k(c).

"Wener Herrer" owed money on his Doubleday Book Club account and offered three opportunities to settle the account. See, *e.g.*, *Chapman v. Ontra, Inc.*, No. 96 C 0019, 1997 WL 321681, at *4 (N.D. Ill. June 6, 1997) (granting the defendant's motion to dismiss the plaintiff's claim under § 1692d where the collection letter that the plaintiff received was "not harassing or abusive in its tone or language"). Moreover, even if Plaintiff had successfully stated a claim for falsely representing the character of the debt, he cannot state a claim under § 1692d simply because the collection letter that he received violates another section of the FDCPA. See *id.* ("We are not aware of any FDCPA cases holding that collection letters are actionable as abusive or harassing under § 1692d merely for lacking a validation notice or being in violation of other sections of the FDCPA."). Because the facts alleged in Plaintiff's amended complaint do not rise to a violation of § 1692d, the Court grants Defendant's motion as to that claim.

**IV. Conclusion**

For the reasons set forth above, the Court grants Defendant's motion to dismiss [19]. Plaintiff's claims are dismissed without prejudice. Plaintiff is given one final opportunity to file within 21 days a motion for leave to file a second amended complaint if he believes in good faith that he can cure the pleading defects identified above. If no such motion is filed – or if leave to amend is denied – Plaintiff's claims will be dismissed with prejudice and his case will be closed. Although Plaintiff does not appear to have a viable complaint, the amended complaint and the arguments advanced in this case to date have not reached the level of bad faith so as to warrant the imposition of sanctions, as Defendant requests in its reply brief. Accordingly, the Court declines to grant sanctions in favor or Defendant at this time.

Dated: January 19, 2012

                                                Robert M. Dow, Jr.
                                                United States District Judge